NOT FOR PUBLICATION (Doc. Nos. 1, 7, 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| STEVEN GANTT, | : | |
| Petitioner, | : | Civil No. 11-6191 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon the motion of the Government for an order dismissing the pending Petition under 28 U.S.C. § 2255(f) (Doc. No. 7), and the motion of Steven Gantt ("Petitioner"), proceeding *pro se*, seeking to alter, amend or reconsider this Court's Order denying Petitioner's motion to supplement and motion for discovery (Doc. No. 8). For the foregoing reasons, the United States' motion to dismiss will be granted, Petitioner's Petition under § 2255 will be dismissed, and Petitioner's motion to alter, amend or reconsider this Court's Order will be dismissed as moot.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 19, 2008, Petitioner was convicted by a jury of: (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951(b)(3); (2) eight separate counts of armed bank robbery in violation of 18 U.S.C. § 2113(d); (3) seven separate counts of use and carry of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (4) one count of use and carry of a firearm during and in relation to a crime of violence in violation

of 18 U.S.C. § 924(c)(1)(A)(iii).  United States v. Steven Gantt, No. 06-cr-699, (D.N.J. filed on Dec. 5, 2006) (Crim. Doc. No. 142).  Then, on June 25, 2008, this Court sentenced Petitioner to 120 months imprisonment and 5 years supervised release as to Count 1; 120 months imprisonment as to counts 2, 4, 6, 8, 10, 12, 14, 15, and 16, to be served consecutively to each count and 5 years supervised release to run concurrently with each count; and 84 months imprisonment as to counts 3, 5, 7, 9, 11, 13, and 17, to be served consecutively to each count and 5 years supervised release to run concurrently with each count.  (Crim. Doc. No. 153.)  Petitioner appealed his conviction, and the Third Circuit affirmed his sentence on May 10, 2010.  United States v. Taylor, 379 Fed. App'x 240 (3d Cir. 2010).  The Third Circuit's final judgment was issued on June 14, 2010, dismissing Petitioner's appeal.  (Crim. Doc. No. 162.)  After the entry of the Third Circuit's final judgment, Petitioner did not file a petition for a writ of certiorari to the Supreme Court of the United States.

On October 17, 2011, Petitioner filed his current Petition, a motion to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255, in which he alleges he suffered a constructive denial of counsel at the pretrial stage, during the trial and sentencing, and on direct appeal.  (Doc. No. 1 ("Mot. to Vacate").)  Acknowledging that his Petition was filed beyond the statute of limitations, Petitioner asked this Court to equitably toll the statute because, he argued, he made diligent efforts to ensure that he filed his Petition on time, and but for the malfeasance of his prior counsel in not providing Petitioner with the prerequisite legal documents, he would have timely filed his Petition.  (Mot. to Vacate at 17.)

The Government initially moved to dismiss Petitioner's Petition on February 16, 2012.  (Doc. No. 4.)  In its motion to dismiss, the Government's only argument was that Petitioner's Petition was untimely under § 2255(f).  Because the Government had not included a proper

2

electronic signature of provided a certificate of service, the Court ordered that it refile its response to Petitioner's original Petition. (Doc. No. 6.) In that same Order the Court also denied without prejudice another pending motion, Petitioner's motion for leave to supplement and motion for discovery without prejudice (Doc. No. 5). Then, on January 29, 2014, the Government refiled its motion to dismiss, resting on the same argument as before, that the original Petition was untimely under § 2255(f). (Doc. No. 7 ("Gov't Br.").) Petitioner did not respond to the Government's motion, but instead filed a motion to alter, amend, or reconsider this Court's January 13 Order, denying Petitioner's motion to supplement and motion for discovery without prejudice. (Doc. No. 8 ("Pet'r Mot.").)

For the reasons set forth herein, the Government's motion to dismiss will be granted, and Petitioner's Petition will be dismissed. Accordingly, Petitioner's motion to alter, amend, or reconsider the Court's prior order will be dismissed as moot.

## II.   LEGAL STANDARD

The Government's motion to dismiss is considered according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Civ. P. 81(a)(4) (applying the Federal Rules of Civil Procedure to "proceedings for habeas corpus…to the extent that the practice in those proceedings: (A) is not specified in [] the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions"). In deciding a motion under Rule 12(b)(6), the reviewing court must consider a plaintiff's allegations and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff, in this case, the Petitioner. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). If, after considering the petitioner's allegations, "it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations," the court may dismiss the complaint, here Petitioner's § 2255 Petition. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

### III.  DISCUSSION

The Government moves to dismiss the pending Petition to vacate Petitioner's sentence on the grounds that it is time-barred under the applicable statute. (Gov't Br.) Petitioner responds, by way of an argument put forth in his motion to alter, amend, or reconsider, that he was prevented from timely filing his original § 2255 Petition by the actions of both the Government and his prior counsel, and the statute of limitations should accordingly be equitably tolled. (Pet'r Mot. at 6-7.)

A prisoner in federal custody may file a motion in federal court challenging the validity of his sentence under § 2255. <u>Morelli v. United States</u>, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). Section 2255 provides that a petitioner may move to vacate, set aside or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255. To establish a right to such relief, a petitioner must demonstrate "that the sentence has a fundamental defect resulting in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." <u>See</u> <u>United States v. DeLuca</u>, 889 F.2d 503, 506 (3d Cir. 1989); <u>See also</u> <u>Morelli</u>, 285 F. Supp. 2d at 458-59 (citations omitted). Additionally, § 2255(f) includes a one-year period in which a Petitioner may file a request for relief, which runs form the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

>the United States is removed, if the movant was prevented from
>making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by
>the Supreme Court, if that right has been newly recognized by the
>Supreme Court and made retroactively applicable to cases on
>collateral review; or
>
>(4) the date on which the facts supporting the claim or claims
>presented could have been discovered through the exercise of due
>diligence

§ 2255(f). Because Petitioner does not contend that new facts have been recently discovered which would support his Petition, nor has he pointed to a new right recognized by the Supreme Court and made retroactively applicable, the Court need only examine § 2255(f)(1) and (2) in determining when Petitioner's claim was time-barred under the statute.

With respect to the limitations date under § 2255(f)(1), a federal prisoner's conviction becomes final when certiorari is denied or when the time for filing a petition for certiorari expires, which is 90 days from the entry of judgment or denial of a rehearing petition, under Rule 13.1 of the Supreme Court Rules. Clay v. United States, 537 U.S. 522, 525-32 (2003). Because Petitioner's appeal was formally dismissed on June 14, 2010, and he did not file a petition for certiorari or rehearing, his conviction became final for purposes of § 2255(f)(1) on September 14, 2010, 90 days after his appeal was formally dismissed. Thus his petition would be timely one year from that date under § 2255(f)(1).

However, Petitioner argues that the Government impeded his timely filing of his original § 2255 Petition, thus requiring the one-year limitations period be governed by § 2255(f)(2). (See Pet'r Mot. at 6 ("[P]etitioner has diligently sought the prosecutrix's assistance regarding being provided with copies of his discovery materials."); id. ("[T]he prosecution has not responded to petitioner's letter nor his motion for discovery requesting copies of specific case file

5

discoverable materials and certain trial transcripts intentionally witheld [sic] by counsel.  Such inaction by both [Petitioner's] court-appointed counsel along with the blessings of the government's counsel constitutes governmental actions that have impeded or prevented [Petitioner] from timely filing his 2255 claims."); id. at 6-7 ("[T]he prosecutrix has continuously withheld petitioner's discovery and other relevant exculpatory documentation contained within the government's case-file.").)

While the Third Circuit has not addressed the issue, the text of § 2255(f)(2) suggests that the impediment must be government-created, violative of the Constitution, and actually prevent the filing of a motion to vacate.  See Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (discussing the nearly identical government created impediment toll for the limitations period in § 2244, and finding that "the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition.") (emphasis in original); see also United States v. Tamfu, No. 3:01-1719, 2002 WL 31452410, at *4 (N.D. Tex. Oct. 5, 2002) ("Although § 2255(2) has not defined what constitutes an 'impediment,' it is clear from the statutory text that § 2255(2) may provide the commencement date for the statute of limitations only in those situations where the impediment has prevented the prisoner from filing his motion to vacate.") (citing Lloyd, 296 F.3d at 633).  Here, Petitioner has not asserted that unconstitutional governmental action or inaction prevented him from filing a petition.  As a matter of fact, Petitioner did file his Petition, ostensibly without obtaining the materials he repeatedly sought from his prior counsel and allegedly also sought from the Government.  See Tamfu, 2002 WL 31452410, at *4 ("Even assuming the government has withheld exculpatory material (a matter that movant has not demonstrated), such withholding would not prevent the filing of a motion under § 2255.  Movant has provided nothing which demonstrates that the

alleged impediment prevented him from filing his motion.") Petitioner's original Petition was based entirely on the alleged ineffective assistance of his counsel during the pre-trial, trial, sentencing, and appeal phases, (see Pet. to Vacate), and he has not claimed that he was unable to assert additional § 2255 claims as a result of the alleged impediment. In fact, it appears that he only seeks to supplement his ineffective assistance claims, using the materials he seeks to obtain from his prior counsel and the Government. (See Mot. for Leave to Suppl. and Mot. for Disc. (Doc. No. 5).) Because Petitioner was able to and did file his Petition without the materials he sought, and those materials would not have substantially changed the claims he was able to raise, it cannot be said that the Government impeded him from filing this original Petition. Nor is it even alleged that the Government engaged in any unconstitutional conduct by failing to cooperate with discovery requests from Petitioner. In fact his own memorandum indicates that he is accusing the Government of not responding to requests to obtain copies of certain "discoverable materials" and trial transcripts "intentionally witheld [sic] by counsel." (Pet'r Mot. at 6.) In other words, he accuses the Government of not remedying conduct that is actually the fault of his former counsel. Because Petitioner has not shown that any alleged government-created impediment prevented him from filing his motion to vacate, the Court finds § 2255(f)(2) inapplicable. Accordingly, Petitioner's conviction became final on September 14, 2010, and the one-year filing rule required that he had until September 15, 2011, one year later, to file his § 2255 petition.[1]

However, the one-year filing requirement is also subject to equitable tolling. "[E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Miller v.

---

[1] September 14, 2011, was a Sunday.

New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)).  For instance, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotation marks omitted).  Yet, the Court should be sparing in its use of equitable tolling, as "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."  Id.

      Petitioner claims he is entitled to equitable tolling of the one-year filing requirement.  (See Mot. to Vacate at 5 (suggesting that any late filing should be equitably tolled based on Petitioner's diligent attempts to file his Petition on time and his prior counsel's malfeasance in failing to provide certain case materials to Petitioner at the time); Pet'r Mot. at 6 ("[T]he inaction by both [Petitioner's] court-appointed counsel along with the blessings of the government's counsel constitutes governmental actions that have impeded or prevented [Petitioner] from timely filing his 2255 claims.  And, therefore, the limitations period should be equitably tolled in this case.") (citing Holland v. Florida, 560 U.S. 631 (2010).)  Based on many of the same factual assertions he makes with respect to his government-created impediment argument, Petitioner avers that it would be unrealistic for this Court to expect him to have prepared and filed an adequate or meaningful petition, within the statute of limitations under § 2255(f), "without having any access to the government's case-file (including discoverable materials that are exculpatory in nature)."  (Pet'r Mot. at 7.)  Finally, Petitioner asks this Court to equitably toll the statute of limitations until the date he would have "gotten a court decision from the U.S.

8

Supreme Court," assuming his prior counsel had followed up on his right to file a petition for a writ of certiorari in a timely manner.  (Id.)

Despite Petitioner's allegations, the circumstances he cites clearly do not rise to a level which requires equitable tolling.  He has not shown that the Government actively misled him, that he was, in some extraordinary way, prevented from asserting his rights, or that he timely asserted his rights, but mistakenly in the wrong forum.  See Jones, 195 F.3d at 159.  There is no argument that the Government actively misled Petitioner, or that he timely filed his Petition in another forum, albeit mistakenly.  Rather, Petitioner rests his claim entirely on what he deems "malfeasance" by his prior attorney, and a lack of cooperation from the Government in helping him obtain the materials he sought prior to filing his § 2255 Petition.  (See Pet'r Mot. at 6-7.) However, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (applying the doctrine of equitable tolling to a case arising under § 2244).  Nor is it clear that Petitioner was actually prevented from filing his Petition due to any "extraordinary circumstances," as he did in fact file his Petition one month after the statute of limitations had run.  Courts have previously found that under similar circumstances, where legal or trial materials sought by a petitioner were unavailable, the petitioner did not gain the benefit of equitable tolling without showing more.  See Holmes v. Vaughn, No. 01-2565, 2003 WL 23112383, at *6 (E.D. Pa. Nov. 25, 2003) ("Even assuming that petitioner did not have access to his 'legal papers' for the period of time he alleges, he has failed to allege circumstances wherein he has 'in some extraordinary way' been 'prevented' from filing a timely 'basic pro se habeas petition,'") (quoting Jones, 195 F.3d at 159); see also Lloyd, 296 F.3d at 634 ("equitable tolling does not excuse [the petitioner's] late filing simply because he was unable to obtain a

9

complete trial transcript before he filed his § 2254 petition"), cert. denied, 537 U.S. 1121 (2003); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript not a basis for equitable tolling of one-year limitation period); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) ("lack of access to trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.")

    Had he been exercising reasonable diligence, Petitioner could have filed a timely Petition based on the information he had in his possession, as discussed supra. Though perhaps his Petition would have lacked the full factual detail and scope of ineffective assistance arguments that he hoped to elicit with access to additional records, he could have subsequently attempted to obtain the materials he sought by an order of this Court, and amended his Petition with any arguments that would have related back to his original Petition. See Holmes, 2003 WL 23112383, at *6 ("[P]etitioner fails to allege any steps that he took to attempt to obtain from the state court or his previous counsel portions of the state proceedings which he felt he needed to file a federal habeas petition, and he does not allege that he sought to file a timely habeas petition and then clarify it once he had access to his materials.") (citing Robinson v. Johnson, 313 F.3d 128, 143(3d Cir. 2002) (where petitioner claimed deprivation of his legal materials as grounds for equitable tolling, the Third Circuit noted, among other things, that petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials")). Petitioner has not shown that he has, "in some extraordinary way been prevented from asserting his rights," and the Court finds there is no basis for his request to equitably toll statutory one-year limitation period during the time during which he would have otherwise had access to the materials.[2] Jones, 195 F.3d at 159.

---

[2] While Petitioner requests this Court toll the statute of limitations for his § 2255 Petition until the resolution of a fictitious petition of writ of certiorari to the Supreme Court, the Court notes that, aside from the inappropriateness of

As noted above, Petitioner's conviction became final on September 14, 2010, and he had one year from that date to file his Petition pursuant to § 2255(f).  Yet, he did not file his Petition until October 17, 2011, over one month late.  Because Petitioner failed to timely file his original Petition, the Court will grant the Government's motion to dismiss, and will dismiss his Petition under § 2255.  Additionally, Petitioner's motion to alter, amend, or reconsider this Court's prior Order will be dismissed as moot.

### IV.   CONCLUSION

For the reasons stated above, the United States' motion to dismiss will be **GRANTED**, Petitioner's Petition under § 2255 will be **DISMISSED**, and Petitioner's motion to alter, amend, or reconsider this Court's Order will be **DISMISSED AS MOOT**.  An appropriate order will issue today.

Dated: 11/18/2014                                                                    s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge

---

tolling the statute based on a hypothetical date that is entirely indeterminate, Petitioner has put forth no arguments to support why that would be the proper date until which to toll the limitations period.  Based on the arguments presented by Petitioner, if the Court were to toll the statute, it would be appropriate to toll the limitations period until he had received the materials he requested.

11