IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>STEVEN GANTT,<br>Defendant. | Crim. No.  11-6191 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER**, United States District Judge:

Defendant Steven Gantt is a federal inmate currently incarcerated in Terre Haute, Indiana. He is proceeding with several motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In these motions, he requests evidentiary hearings and discovery. He also seeks to have his conviction overturned for want of jurisdiction. For the following reasons, the motions will be **DENIED**.

**I.    BACKGROUND**

On September 6, 2006, a federal grand jury sitting in Camden, New Jersey returned an Indictment against Gantt and co-defendant Walter Johnson, charging both defendants with: (1) conspiring to commit robbery in violation of 18 U.S.C. § 1951(a); and (2) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Crim. No. 06-699, Docket No. 1). On December 5, 2006, a federal grand jury sitting in Camden returned a Superseding Indictment against Gantt and another co-defendant, Kevin Taylor, charging both defendants with: (1) conspiring to commit robbery in violation of 18 U.S.C. § 1951(a); and (2) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*Id.*, Docket No. 28). On June 26, 2007, a federal grand jury sitting in

Camden returned a Second Superseding Indictment against Gantt and co-defendant Taylor. (*Id.*, Docket No. 48). In relevant part, the Second Superseding Indictment charged petitioner with: (1) conspiring to commit robbery in violation of 18 U.S.C. § 1951(a); (2) eight separate counts of armed bank robbery in violation of 18 U.S.C. § 2113(d); (3) seven separate counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (brandishing the firearm); and (4) one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (discharging the firearm). *See also United States v. Taylor*, 379 F. App'x 240, 242 (3d Cir. 2010) (non-precedential).

After their first trial in early 2008 ended in a mistrial because the jury could not reach a verdict, (*see* Crim. No. 06-699, Docket Nos. 75-113), Gantt and Taylor were retried in late February into March 2008, and the jury returned a verdict of guilty as to both defendants on all counts of the Second Superseding Indictment. (*Id.*, Docket Nos. 117-142). On June 25, 2008, this Court sentenced Gantt to a total of 1,788 months (149 years), broken down as follows: 120 months on each of Counts One, Two, Four, Six, Eight, Ten, Twelve, Fourteen, and Sixteen; 84 months on each of Counts Three, Five, Seven, Nine, Eleven, Thirteen, and Seventeen; and 120 months on Count Fifteen, all to be served consecutively to one another. (*Id.*, Docket No. 153 at 2). This Court also sentenced Gantt to terms of supervised release of three years for some counts and five years for others, all to run concurrent to one another, as well as restitution totaling in excess of $120,000. (*Id.* at 3, 5).

Gantt appealed, arguing that: (1) under Federal Rule of Evidence 404(b), this Court should not have admitted modus operandi evidence concerning previous bank robberies Gantt had committed; (2) the unavailability of a particular surveillance tape amounted to suppression of

*Brady* material and violated his due process rights; (3) his sentence was unreasonable in light of the much shorter sentence (108 months) imposed on his cooperating co-defendant, Johnson; and (4) the government engaged in vindictive prosecution in violation of his due process rights by adding multiple new charges in the second superseding indictment. The Third Circuit rejected all of Gantt's contentions and affirmed his convictions and sentence in their entirety in an opinion filed May 10, 2010. *See Taylor*, 379 F. App'x 240. The Court of Appeals issued its certified order in lieu of a formal mandate on June 14, 2010. *See* Crim. No. 06-699, Docket No. 162. Gantt did not file a petition for certiorari with the Supreme Court.

Instead, on October 17, 2011, Gantt filed a petition to vacate his conviction under 28 U.S.C. § 2255 (the "First Petition"), arguing that he received ineffective assistance of counsel because counsel: (1) stipulated that the banks Gantt was charged with robbing were FDIC-insured, a required element of the offense; (2) failed to conduct a meaningful investigation, for instance by interviewing bank employees and customers and other potential witnesses; (3) failed to move for sequestration of the Government's witnesses; (4) failed to conduct a reasonable investigation into the missing surveillance tape discussed in his direct appeal; (5) failed to properly prepare potential defense witnesses to testify; (6) failed to file a motion in limine to object to the modus operandi evidence discussed in his direct appeal; (7) failed to seek a government investigator's handwritten notes; and (8) poorly advised the defendant not to testify on his own behalf. (*See* Civ. No. 11-6191, Docket No. 1 at 3-7).

Because Gantt filed his petition more than a year after his judgment of conviction became final, the Government moved to dismiss it as untimely, and this Court granted that motion on November 18, 2014. (*Id.*, Docket Nos. 4, 7, 9). *See also Gantt v. United States*, 2014 WL 6471478 (D.N.J. Nov. 18, 2014) (this Court's decision dismissing the First Petition as untimely). As we

3

explained, Gantt's conviction became final on September 14, 2010, 90 days after his appeal was formally dismissed. "Thus his petition would be timely [if filed] one year from that date under [28 U.S.C.] § 2255(f)(1)." *Gantt*, 2014 WL 6471478, at *3. We rejected Gantt's argument that his petition was timely on the grounds that the Government had impeded his timely filing, *id.*, and that he was entitled to equitable tolling, *id.* at *4-5. Thus, the Court found that Gantt had missed the statutory deadline to file his § 2255 petition by just over a month (September 14, 2011 to October 17, 2011) and dismissed the petition as untimely.

On June 22, 2016, through counsel, Gantt filed a second or successive § 2255 petition (the "Second Petition") based on the then-recent case of *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), arguing that Gantt's convictions under § 924(c) must be dismissed because the jury may have found the underlying offenses to be crimes of violence under the "residual" clause, which *Johnson* had invalidated. The Second Petition also argued that the Court's finding at sentencing that Gantt was a career offender was also incorrect in light of *Johnson*. (*See* Civ. No. 16-3671, Docket No. 1 (also docketed at Crim. No. 06-699, Docket No. 170) at 2). In March 2019, this Court ordered the Second Petition stayed while the Third Circuit considered whether to grant petitioner leave to file a second or successive petition. Civ. No. 16-3671, Docket No. 7. In August 2019, the Third Circuit did so, and this Court reopened the Second Petition. *Id.*, Docket No. 8.

The Government answered the Second Petition, *id.*, Docket No. 11, but emerging case law made clear that Gantt's argument that *Johnson* entitled him to relief was meritless. Accordingly, on September 8, 2020, Gantt withdrew his Second Petition through counsel, stating that "significant developments in the law since filing his motion for relief under 28 U.S.C. § 2255" established that "[b]oth of [Gantt's] claims for relief are foreclosed by Third Circuit precedent." (*Id.*, Docket No. 14 (citing *United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018), which

4

held "that armed bank robbery is categorically a crime of violence under § 924(c)'s elements clause"; and *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), and *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020), which held that "a challenge to a career-offender designation under the advisory Sentencing Guidelines is not cognizable under § 2255")). This Court granted the request to withdraw the Second Petition on September 10, 2020. (*Id.*, Docket No. 15). In contrast, Gantt's co-defendant, Kevin Taylor, did not withdraw his own petition that argued his § 924(c) convictions must be vacated based on *Johnson*, and this Court denied that petition on the merits and declined to issue a certificate of appealability. *Taylor v. United States*, 2021 WL 4472990 (D.N.J. Sept. 27, 2021).

Meanwhile, even while his Second Petition was still pending, petitioner had begun making new *pro se* filings under the present case number—that of his First Petition. On June 26, 2020, he filed a Supplemental Memorandum of Facts and Law, arguing (1) the Government had failed to prove the essential element of the offense of bank robbery that the banks had been FDIC-insured, (2) the Government's expert witness should not have been allowed to testify on the grounds that it had provided inadequate expert disclosure, and (3) the modus operandi evidence whose admission the Third Circuit had affirmed in 2010 was infirm because a video regarding an earlier conviction was shown to the jury. (Civ. No. 11-6191, Docket No. 11 at 2-6). In support of his first contention, Gantt attached a series of letters from the FDIC dated five years earlier, September 18, 2015, apparently in response to FOIA requests Gantt had sent. (*Id.* at 7-18). The FDIC's letters confirmed that the FDIC indeed insured the deposits of each bank branch Gantt was convicted of robbing, but also explained that "FDIC deposit insurance does not cover losses caused to a financial institution by robbery." (*See, e.g., id.* at 7, 8).

On August 3, 2020, Gantt filed a Motion for a Writ of Mandamus and Motion for Evidentiary Hearing. (Docket Nos. 12 and 13). In these documents, Gantt urged the Court to act on petitioner's claims.

Approximately a month after Gantt had, through counsel, withdrawn his Second Petition in Civ. No. 16-3671, Gantt filed *pro se* under Civ. No. 11-6191 a document styled a "Second or Successive Motion to Correct Sentence Pursuant to 28 U.S.C. 2255." (Docket No. 14, Oct. 16, 2020). He argued that counsel had withdrawn his Second Petition without his consent and sought to revive those arguments. Gantt also argued that his sentence on his conspiracy conviction exceeded the statutory maximum.

In the summer and fall of 2021, Gantt made several additional filings under the present case number. On July 23, 2021, he filed a Motion to Activate § 2243 Habeas Copus [sic] (Docket No. 15), urging the Court to grant his previous motions or order the Government to respond promptly. On August 23, 2021, he filed a Second Request for Production of Documents (Docket No. 16), which appears to be seeking from the Government proof that the banks Gantt was convicted of robbing were FDIC-insured. On September 14, 2021, he filed a Motion for Evidentiary Hearing (seeking a hearing on his claims) (Docket No. 17); a Motion to Compel Disclosure or Discovery (seeking discovery from the Government under Fed. R. Civ. P. 37) (Docket No. 18); and a document entitled "Issues of concern filed under § 2255" (Docket No. 19). In that document, Gantt again raised the issues of the FDIC insurance and a purported Confrontation Clause violation arising from the use of a videotape to present F.R.E. 404(b) modus operandi evidence to the jury. Gantt asked the Court to hold an evidentiary hearing and/or in camera evidentiary review. Docket No. 19 at 1-2.

In summary, Gantt appears to make a total of five substantive arguments within Docket Nos. 12-18. Of those, (1) his argument about modus operandi evidence under F.R.E. 404(b) was already made in his appeal and his First Petition (in the context of an ineffective assistance of counsel claim); (2) his argument about FDIC insurance was already made in his First Petition (in the context of an ineffective assistance of counsel claim); (3) his argument that his § 924(c) convictions are infirm under *Johnson* and *Davis* was already made in his Second Petition; and (4) he had not previously asserted his arguments about inadequate expert disclosure and an allegedly excessive sentence on his conspiracy conviction.

## II.     DISCUSSION

We understand Gantt's pending motions to be requests for relief under 28 U.S.C. § 2255. Otherwise, they would be unauthorized stray filings in a closed case with no request for relief properly before this Court.

As previously explained in this case, Gantt's petitions are untimely under 28 U.S.C. § 2255(f). (Docket No. 9). Under 28 U.S.C. § 2255(f), Gantt had one year in which to collaterally attack his judgment and conviction. This one-year period began to run when Defendant's "judgment of conviction became final," 28 U.S.C. § 2255(f)(1), which we found to be on September 14, 2010. (*Id.* at 5).

Even if Gantt's motions were timely, we are without jurisdiction to hear them because they are successive motions. Under 28 U.S.C. § 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Before we can entertain such a motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). When a petitioner files such a motion without permission from a court of appeals, our only option is to

dismiss the motion or transfer to the court of appeals pursuant to 28 U.S.C. § 1631. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Gantt's pending motions are successive motions for relief under 28 U.S.C. § 2255, so jurisdiction is not proper in this Court. We must either transfer Gantt's petitions to the Court of Appeals or dismiss. We "should only transfer a petition to the Court of Appeals where the proposed second motion to vacate would prima facie meet the requirements for a second motion set forth in 28 U.S.C. § 2255(h)." *Quero v. United States*, 2016 WL 6666797, at *2 (D.N.J. Nov. 8, 2016) (citing *United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) (non-precedential)).

Under § 2255(h), a second or successive petition to vacate a sentence will be authorized only if the petition contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Gantt has not proffered newly discovered evidence. He does argue that he can bring a claim based on new precedent in *United States v. Davis*, 139 S. Ct. 2319 (2019). However, he was previously granted permission to file a second petition on that ground and ultimately withdrew that petition through counsel because newer precedent precluded his arguments. And by October 2020, any claim based on *Davis* is considered untimely and not "previously unavailable." Without a proper basis under 28 U.S.C. § 2255(h), we will dismiss the pending motions instead of transferring them to the Court of Appeals.

8

Further, no discovery is required to determine whether the banks Gantt robbed were FDIC insured: As the defense stipulated at trial and the FDIC confirmed in the very documents Gantt has provided to this Court, they *were* FDIC-insured. Gantt has not shown "good cause" for this Court to order discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

### III.   CONCLUSION

For the foregoing reasons, Gantt's Motion for Writ of Mandamus (Docket No. 12), Motion for Evidentiary Hearing (Docket No. 13), Motion to Reopen Case (Docket No. 15), Motion for Evidentiary Hearing (Docket No. 17), and Motion to Compel disclosure or discovery (Docket No. 18) are **DENIED**. An Order follows.


Dated: April 28, 2022                                       /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge